**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| William Thomason, Jr. *as Executor and Surviving Closest Relative of William Poole Thomason and Eugenia McCuen Thomason*, ) ) ) ) ) | Civil Action No. 6:14-cv-04895-JMC |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER AND OPINION** |
| Toyota Motor Engineering and Manufacturing North America, Inc.; Toyota Motor Manufacturing, Kentucky, Inc.; Toyota Motor Sales, U.S.A., Inc.; Toyota Motor Corporation, ) ) ) ) ) ) | |
| Defendants. ) _____) | |

Plaintiff William Thomason Jr. ("Plaintiff"), the executor of the estates, and surviving closest relative, of William Poole Thomason and Eugenia McCuen Thomason (together, "the Thomasons"), has filed, pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend the court's previous order denying his motion to amend his amended complaint. (ECF No. 104.) The court concludes that further briefing is unneeded and, for the reasons that follow, **DENIES** the motion.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On September 27, 2016, Plaintiff filed his motion to amend his amended complaint. (ECF No. 94). Because the motion had been filed following service of a responsive pleading and after the November 1, 2015 deadline for moving to amend the complaint, Plaintiff was required, pursuant to Fed. R. Civ. P. 16(b), to show good cause to excuse his tardiness, such as by showing that he could not have discovered the evidence underlying his proposed amendments even with the exercise of reasonable diligence. (*See* ECF No. 99 at 3, 7-8.) Plaintiff asserted that his tardiness

1

should be excused because the evidence underlying his proposed amendments could not have been obtained until after the deadline for filing a motion to amend set by the scheduling order had expired and until shortly before he filed his motion to amend. (*See* ECF No. 94.) The evidence at issue, Plaintiff explained, was information gleaned from recent deposition testimony by Defendant Toyota Motor Corporation's ("TMC") Fed. R. Civ. P. 30(b)(6) designee, which was elicited based on Plaintiff's expert's recent inspection of the Thomason's vehicle. (*Id.* at 5.) Although a comparison of the amended complaint and the proposed complaint revealed the evidence also might have involved testimony regarding the vehicle's owner's manual, the court ultimately could not identify the evidence on which Plaintiff relied from a comparison of the complaints, and the court noted that the owner's manual appeared to have been available to Plaintiff prior to the expiration of the scheduling order's deadline. (*See* ECF No. 99 at 11). The court found that Plaintiff's imprecise description of the evidence left the court unable to determine whether the evidence could have been discovered with the exercise of reasonable diligence prior to the scheduling order's deadline (*see id* at 9-12) or whether the proposed amendments, in fact, were based on such evidence (*see id.* at 12-14). Thus, the court concluded that Plaintiff failed to show good cause, as required by Rule 16(b), and entered a December 21, 2016 order denying without prejudice Plaintiff's motion to amend.[1] (*Id.* at 14-15.)

Plaintiff timely filed the instant Rule 59(e) motion for reconsideration on January 12, 2017. (ECF No. 104.) In the motion, Plaintiff explains that his proposed amendments were based on his expert's November 17, 2016 report on the inspection of the Thomason's vehicle, which states that the vehicle did not operate according to the owner's manual's provision that the driver will receive

---

[1] If Plaintiff had refiled or renewed his motion to amend, a different analysis than the one that follows might obtain. However, the court can only consider the Rule 59(e) motion presented to it.

2

an audible warning when the engine remains running while the vehicle is in park and the driver's side door is open. (*See id.* at 2.) Plaintiff attaches to his motion excerpts of the owner's manual and the expert's report, which states the inspection occurred on August 15, 2016. (*See* ECF Nos. 104-1, 104-2.) Plaintiff further explains that his expert's findings led him to question TMC's designee regarding the audible warning and that the designee testified that the vehicle does not give an audible warning. (*See* ECF No. 104 at 3.) Plaintiff attaches to his motion a transcript of relevant portions of the designee's deposition testimony. (*See* ECF No. 104-3.) Plaintiff argues that he could not have discovered this evidence with reasonable diligence prior to the expiration of the scheduling order's deadline and that he has thus satisfied Rule 16(b) by showing good cause for his tardy motion to amend. He argues that this warrants, pursuant to Rule 59(e), alteration or amendment of the court's prior order denying his motion to amend. (*See* ECF No. 104 at 3.)

## II. LEGAL STANDARD

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59. A motion pursuant to Rule 59(e) may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). It is the moving party's burden to establish one of these three grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).

The remedy afforded by Rule 59(e) "is an extraordinary remedy that should be applied sparingly." *Mayfield*, 674 F.3d at 378. Thus, Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of

judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted). Moreover, a party's "[m]ere disagreement with the court's interpretation of the law is not an appropriate ground for a Rule 59(e) motion." *PCS Nitrogen, Inc. v. Ross Dev. Corp.*, 126 F. Supp. 3d 611, 639 (D.S.C. 2015) (internal quotation marks omitted) (citing, *inter alia*, *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

### III. ANALYSIS

Plaintiff makes no effort to explain under which, if any, of the three reasons for granting a Rule 59(e) motion he proceeds. It does not appear that Plaintiff argues for relief pursuant to the first or third reasons for Rule 59(e) relief. Plaintiff does not assert or suggest that there has been an intervening change in controlling law. He does not assert that the legal analysis employed in the court's previous order is clearly erroneous; rather, he appears to accept the court's legal framework and to argue for its application to his circumstances.[2] At best, Plaintiff's motion might be understood to proceed under the second reason for Rule 59(e) relief—to account for new evidence that was not previously available.

The court concludes that Plaintiff has not met his burden to establish a right to Rule 59(e) relief. Plaintiff has failed to show that the evidence he presents—information from the expert's inspection, the owner's manual, and the designee's deposition—and the arguments he raises—identifying the evidence on which he relied in moving to amend the complaint—were not available to him at the time he filed his motion to amend. Not only has Plaintiff failed to assert that the evidence and arguments were unavailable to him before he filed his motion to amend, but the motion and its exhibits also clearly demonstrate that the evidence and arguments were available to

---

[2] The court notes that Plaintiff cites no legal authority in his motion, which, one would think, would be rudimentary in a Rule 59(e) motion based on an assertion of clear legal error.

Plaintiff at that time.[3] Because the evidence and arguments on which Plaintiff relies in the instant motion were available to him at the time he filed the motion to amend, the court cannot grant him Rule 59(e) relief. *See Baker*, 554 U.S. at 486 n.5; *Mayfield*, 674 F.3d at 378.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 59(e) motion to alter or amend the court's previous order denying his motion to amend the amended complaint (ECF No. 104) is hereby **DENIED**.[4]

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

January 25, 2017
Columbia, South Carolina

---

[3] As the court's previous order noted, Plaintiff received the owner's manual long before he filed his motion to amend. (*See* ECF No. 99 at 6, 11.) The designee's testimony, even if not reduced to a transcript, was available to Plaintiff by September 16, 2016 (*see* ECF No. 104 at 3; ECF No. 104-3), some 11 days before he filed his motion to amend (*see* ECF No. 94). Although the expert's findings were not produced in a report until after Plaintiff filed his motion to amend (*see* ECF No. 104 at 2; ECF No. 104-1 at 1), Plaintiff's assertions that the findings precipitated his inquiry into the audible warning at the designee's deposition (*see* ECF No. 94 at 5; ECF No. 104 at 2-3) demonstrate that the findings were available to him before he filed his motion to amend. Thus, all the evidence Plaintiff needed to make the arguments contained in the instant motion were available to him at the time he filed his motion to amend.

[4] The court notes that the fourth claim added to Plaintiff's proposed complaint alleges that Defendants failed to provide the Thomasons post-sale warnings regarding the vehicle's alleged deficiencies. Thus, the fourth claim does not appear to be based on the evidence regarding the audible warning that underlies the instant motion. Notably, Defendants have conceded that the allegations in the proposed complaint are already sufficiently alleged in the amended complaint. (*See* ECF No. 95 at 4.) Thus, it does not appear that Plaintiff would be barred from pursuing the three claims asserted in the current amended complaint under the theory that the vehicle's audible warning did not operate in accordance with the owner's manual.