# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| William Thomason, Jr. as Executor and Surviving Closest Relative of William Poole Thomason and Eugenia McCuen Thomason, | ) ) ) ) ) Civil Action No. 6:14-cv-04895-JMC |
| Plaintiff, | ) ) **ORDER AND OPINION** |
| v. | ) ) |
| Toyota Motor Corporation, Toyota Motor Engineering & Mfg., North America, Inc., Toyota Motor Mfg., Kentucky, Inc., and Toyota Motor Sales, U.S.A., Inc., | ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff William Thomason, Jr., the Executor and the Surviving Closest Relative of William Poole Thomason and Eugenia McCuen Thomason, filed an action against Defendants Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor Manufacturing Kentucky, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Corporation (collectively "Defendants"), seeking economic, non-economic, and punitive damages for "the untimely deaths of William Poole Thomason and Eugenia McCuen Thomason." (ECF No. 1 at 12-13.)

This matter is before the court pursuant to Defendants' Motion to Compel Plaintiff's Compliance with Fed. R. Civ. P. 26(a)(2). (ECF No. 98.) Defendants request that the court compel "Plaintiff to produce his experts' work product, references and other supporting data."(ECF No. 98 at 4.)

For the reasons set forth below, the court **GRANTS** Defendants' Motion to Compel Plaintiff's Compliance with Fed. R. Civ. P. 26(a)(2) (ECF No. 98).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 30, 2015, Plaintiff filed a Complaint against Defendants alleging (1) negligence resulting in the death of William Poole Thomason and Eugenia McCuen Thomason (ECF No. 1 at 7), (2) violation of federal motor vehicle safety standards (ECF No. 1 at 10), and (3) breach of warranties (ECF No. 1 at 12).

On December 20, 2016, Defendants filed a Motion to Compel Plaintiff's Compliance with Fed. R. Civ. P. 26(a)(2) stating that "[p]laintiff has served his Rule 26(a)(2) disclosures and supplemental expert disclosures of his design expert, Neil Hanneman, without supplying or otherwise adequately identifying certain information that the expert relies on for his opinions." (ECF No. 98 at 1.)

On January 4, 2017, Plaintiff filed a Response in Opposition and argued "Defendants' motion does not account for the 2.29 [gigabytes] of additional files associated solely with [Neil Hannemann's] report and opinions." (ECF No. 101 at 2.)

On January 11, 2017, Defendants filed a Reply to the Response in Opposition and claimed that the documents supplied by Plaintiff are insufficient because they "do not appear to contain the . . . information outlined in [Defendants'] Motion." (ECF No. 103 at 2.)

## II. LEGAL STANDARD

The amended Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need

not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 983 (4th Cir. 1992).

Fed. R. Civ. P. 33(b)(3) requires that each interrogatory must, to the extent there is no objection, be answered separately and fully in writing under oath. Fed. R. Civ. P. 34(a)(1)(A) permits a party to serve upon any other party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample any designated tangible things. Fed. R. Civ. P. 34(b)(2)(B) requires that for each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the requests, including the reasons.

Fed. R. Civ. P. 37 states, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is given to a district court's decision to grant or deny a motion to compel. *See, e.g.*, *Lone Star Steakhouse & Saloon, Inc., v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

### III. ANALYSIS

Defendants request that this court:

> [G]rant the motion and issue an order compelling Plaintiff and his expert Neil Hanneman to produce the following documents, or otherwise specifically identify them in the voluminous documents already produced during discovery of this case: (1) 'published research material' referenced on page 2, Item III.C.2. of Mr. Hannemann's 8/29/14 report; (2) 'any other documents produced by other manufacturers in similar incidences' referenced on page 3, Item III.C.8 of the 8/29/14 report; and (3) 'published literature, including patents, SAE standards, and NHTSA documents' referenced on page 4, Item V.C, of the report.

(ECF No. 103 at 3.)

Plaintiff asserts that the information requested by Defendants is available as part of a supplemental production. (ECF No. 101 at 2 ("Plaintiff has referred Defendants to previous productions because the documents requested by Defendants and relied upon by Mr. Hannemann were previously produced to Defendants.").) Second, Plaintiff believes that Defendants' motion is unnecessary, unduly burdensome, and an attempt to expand the scope of discovery. (ECF No. 101 at 2-3.)

Defendants claim that "[r]eferring [Defendants'] counsel to thousands of pages of documents and dozens of gigabytes of data produced by [Defendants'] experts, not Plaintiff, violates the spirit, if not the letter, of Rule 26(a)(2)(B)'s requirements." (ECF No. 98 at 4.) Specifically, Defendants call the court's attention to the "vaguely disclosed materials relied upon for opinions contained in his reports" (ECF No. 98), and identifies deficient identification numbers in the expert report:

> [t]he documents Plaintiff produced . . . contain links to some patents . . . [and] some internet articles regarding Smart Key issues . . . [y]et do not contain any research published in technical journals, nor do they contain any documents that appear to have been produced by other manufacturers in Smart Key litigation . . . [t]here are also no documents authored by SAE, or by NHTSA other than some links to Safety Recalls.

(ECF No. 103 at 2.)

4

In response, Plaintiff maintains that Defendants are capable of discovering the information because the materials are in their possession. (ECF No. 101.) Additionally, Plaintiff insists their position is justified because Defendants production of discovery materials "left [Plaintiff] with the task of attempting to parse through documents which took up in excess of forty bankers boxes." (ECF No. 101 at 3.) Plaintiff further declares that "[i]ronically, now that Plaintiff's experts state that they have 'considered the materials produced by Defendant[s]' the task of reviewing the entirety of the same [information] is too burdensome to comport with the rules of discovery." (ECF No. 101 at 3.)

However, the court observes that the Joint Rule 26(f) (Conference of the Parties; Planning for Discovery) Report, agreed upon by both parties, includes:

> Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.
>
> **Response:** The Parties do not foresee any issues arising relating to the disclosure or discovery of electronically stored information.

(ECF No. 30 at 3; 3.)

Therefore, the court is not persuaded by Plaintiff's argument that Defendants must engage in a similar, burdensome discovery process because it is inconsistent with the conditions of disclosing expert testimony in Fed. R. Civ. P 26(a)(2). Moreover, if the parties had agreed to the production format, then Plaintiff would have avoided the burden of searching through forty bankers boxes of information. See Fed. R. Civ. P. 34, Committee Notes on Rules (2006) ("Stating the intended form before the production occurs may permit the parties to identify and seek to resolve disputes before the expense and work of the production occurs.")

Parties are obligated to furnish the information an expert has used for forming their expert opinion by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) ("the

5

facts or data considered by the witness in forming [all opinions]"). Plaintiff has failed to do so. Therefore, the court finds that Defendants' request for the information Mr. Hanneman relied on to form the opinion found in his expert report is within the scope of discovery and proportional to the needs of the case.

## IV. CONCLUSION

For the aforementioned reasons, the court **GRANTS** Defendants' Motion to Compel (ECF No. 98). Plaintiff is directed to provide Defendants with the relevant information related to Mr. Hanneman's expert witness report by February 13, 2017.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 3, 2017
Columbia, South Carolina

6